JOHN E. BROOKS *et al.*

*v.*

AZARIAH SANDERS.

*Filed at Springfield January 19, 1884.*

1. REDEMPTION *by judgment creditor—what rights acquired thereby.* A judgment creditor, after redeeming the land of his debtor from sale on execution, has no interest in or control over the redemption money. He has only the right to have the land sold on his execution, and to receive the proceeds of that sale, by applying the excess above the redemption money advanced, and interest, on his execution.

2. SAME—*in case of an assignment of the judgment under which redemption is sought—rights of the parties.* A judgment creditor, after having redeemed a tract of land of his debtor from a prior judicial sale, and having his execution levied on the premises, sold and assigned his judgment and execution to a third party, and "any and all sum and sums of money that" might "be had or obtained by means thereof, or any proceedings to be

had thereon." A sale of the land was made to the assignee for a sum includ-ing the amount paid to redeem and the amount due on the execution, and a certificate of purchase was given to him upon payment of the costs only, whereupon the assignor of the judgment sued the sheriff for the amount of the redemption money paid: *Held,* that the assignor had no cause of action.

WRIT OF ERROR to the Appellate Court for the Third Dis-trict;—heard in that court on appeal from the Circuit Court of Coles county; the Hon. J. W. WILKIN, Judge, presiding.

Sanders recovered judgment March 12, 1879, against Simpson W. Miller and Matilda Miller, for $3160, and costs, and on the next day sued out an execution, which was re-turned unsatisfied. On April 27, 1880, he sued out an *alias* execution, and on the next day, (April 28,) having placed this execution in the hands of Brooks, the sheriff, as such judgment creditor redeemed certain real estate of Simpson W. Miller from a previous sale, paying to the sheriff the sum of $2235, and the proper certificate of redemption was made, issued and filed. Afterwards, on July 10, 1880, and before any sale by the sheriff under the Sanders judgment and exe-cution, Sanders, for a valuable consideration, ($2300), by a writing, under seal, executed by him, "sold, assigned, trans-ferred and set over" unto Healy & Stoddard "the said judg-ment, and any and all sum and sums of money that may be had or obtained by means thereof, or any proceedings to be had thereon," and by the same instrument substituted and appointed Healy & Stoddard his attorneys, for him and in his name, but for the sole use and benefit of said Healy & Stoddard, and at their own cost and charges, to "take all lawful ways for the recovery of the money due on the said judgment, and on payment, to acknowledge satisfaction or discharge the same." By the same instrument Sanders cove-nanted that there was "then due on said judgment the sum of $3160, and that he will not collect the same, or any part thereof, nor release the judgment, but will own and allow all lawful proceedings therein, Healy & Stoddard saving him

harmless." On August 19, 1880, the sheriff sold the premises to Healy & Stoddard, upon the execution under which the redemption was made, at public sale, for $5793.85, and gave them a certificate of purchase. Healy & Stoddard gave the sheriff a receipt in full satisfaction of the Sanders judgment, and paid to the sheriff the costs, and no other money. Sanders, upon this state of facts, claims that the sheriff thereby became liable to refund to him the amount of the money paid out by him in making the redemption from a previous sale, and this is an action on the official bond of the sheriff, to recover that amount. The circuit court sustained the action. That judgment was affirmed by the Appellate Court, and the sheriff and his sureties bring the record here, on writ of error.

Messrs. CRAIG & CRAIG, for the plaintiffs in error.

Mr. JAMES F. HUGHES, for the defendant in error.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

We think the plaintiff has no cause of action. After redemption by a judgment creditor, such creditor has no interest in or control over the redemption money, except the right which the statute gives him to have the land sold on his execution, and to receive the proceeds of that sale, as such judgment creditor, by applying upon the amount called for on the face of the execution, the excess of these proceeds over the principal and interest on the amount paid out for redemption. After redemption, and before sale, he has no claim upon the sheriff, or personal demand upon anybody else, for the amount paid in making the redemption. He could not sue Simpson, the debtor, and hold him personally liable to him for this money paid out in making the redemption. The statute simply gives him a lien, *through the instrumentality of his judgment and execution,* upon the land redeemed, for the

money paid out in accomplishing that end. The money was paid by him to nourish and render more valuable his judgment and execution. When he assigned that judgment to Healy & Stoddard, it passed with its enhanced value. The very language of the assignment shows that this must have been the intention, for he transfers not only the judgment, but "all sums of money that may be had or obtained by means thereof," or by means of "any proceedings to be had thereupon." Now, the amount of the redemption money, and the interest upon that amount, and the costs of the redemption, were each and all "sums of money that might be had and obtained" by means of the judgment, and by means of "proceedings to be had thereupon," by a sale upon the execution.

The sheriff was guilty of no official misconduct upon the case made by the declaration, and it was error to render judgment against plaintiffs in error.

The judgment of the Appellate Court is therefore reversed, and the cause remanded to that court to reverse the judgment of the circuit court.

*Judgment reversed.*